OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 12, 2001

The Honorable Bill Ratliff
Lieutenant Governor of Texas
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0388

Re: Whether the individual elected to serve as Lieutenant Governor under article III, section 9 of the Texas Constitution is required to serve on the Legislative Redistricting Board established by article III, section 28 (RQ-0388-JC)

Dear Governor Ratliff:

You request our opinion as to whether the person elected to perform the duties of Lieutenant Governor under the terms of article III, section 9 of the Texas Constitution is required to serve as a member of the Legislative Redistricting Board pursuant to article III, section 28 of the Texas Constitution.[1] We answer in the affirmative.

Article III, section 9 of the Texas Constitution provides, in relevant part:

> (a) The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President pro tempore, who shall perform the duties of the Lieutenant Governor in any case of absence or temporary disability of that officer. *If the office of Lieutenant Governor becomes vacant, the President pro tempore of the Senate shall convene the Committee of the Whole Senate within 30 days after the vacancy occurs. The Committee of the Whole shall elect one of its members to perform the duties of the Lieutenant Governor in addition to the member's duties as Senator until the next general election.* If the Senator so elected ceases to be a Senator before the election of a new Lieutenant Governor, another Senator shall be elected in the same manner to perform the duties of the Lieutenant Governor until the next general election. Until the Committee of the Whole elects one of its members for this purpose, the President pro tempore shall perform the duties of the Lieutenant Governor as provided by this subsection.

---

[1]*See* Letter from Honorable Bill Ratliff, Lieutenant Governor of Texas, to Honorable John Cornyn, Attorney General of Texas (June 5, 2001) (on file with Opinion Committee).

TEX. CONST. art. III, § 9(a) (emphasis added). Pursuant to these provisions, and as a member of the Senate that convened in January 2001, you were elected by your colleagues to "perform the duties of the Lieutenant Governor . . . until the next general election." *See id.* You ask whether those duties encompass service on the Legislative Redistricting Board.

Article III, section 28 of the Texas Constitution requires that the Legislature, "at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts." *Id.* art. III, § 28. This provision further declares that "[i]n the event the Legislature shall at any such first regular session following the publication of a United States decennial census, fail to make such apportionment, same shall be done by the Legislative Redistricting Board of Texas." *Id.* The 2000 decennial census was published while the Seventy-seventh Texas Legislature was in session. The Texas Supreme Court has held that "the overriding intent of the people in adopting Sec. 28 was to permit apportionment of the state into legislative districts at the regular session of the Legislature which is convened in January following the taking of the census, *if publication is either before convening or during the session*." *Mauzy v. Legislative Redistricting Bd.*, 471 S.W.2d 570, 573 (Tex. 1971) (emphasis added). Thus, the Seventy-seventh Texas Legislature was the proper session in which to undertake legislative redistricting. It failed to do so, however, prior to adjourning on May 28, 2001.[2] As a result, under the terms of article III, section 28, the task of redistricting falls to the Legislative Redistricting Board.

The Legislative Redistricting Board (the "Board"), created by article III, section 28, is "composed of five (5) members, as follows: The Lieutenant Governor, the Speaker of the House of Representatives, the Attorney General, the Comptroller of Public Accounts and the Commissioner of the General Land Office." TEX. CONST. art. III, § 28. The Board is required to "assemble in the City of Austin within ninety (90) days after the final adjournment" of the regular legislative session. *Id.* Then, within sixty (60) days of assembling, the Board must "apportion the state into senatorial *and* representative districts, or into senatorial *or* representative districts, as the failure of action of such Legislature may make necessary." *Id.* (emphasis added). Furthermore, "[t]he Supreme Court of Texas shall have jurisdiction to compel such Commission to perform its duties in accordance with the provisions of this section by writ of mandamus or other extraordinary writs conformable to the usages of law." *Id.*

Article III, section 9, as noted previously, requires that the Senate, in the event of a vacancy in the Office of Lieutenant Governor, elect one of its own members "to *perform the duties of the Lieutenant Governor*." *Id.* art. III, § 9 (emphasis added). The Senate has done so. One of the constitutional duties of the Lieutenant Governor, pursuant to article III, section 28, is to serve as a member of the Legislative Redistricting Board and, as a member, to participate in the constitutional mandate to "apportion the state into senatorial and representative districts." *Id.* art. III, § 28. The

---

[2]House Bill 150 was passed by the House, but not the Senate. *See* Tex. H.B. 150, 77th Leg., R.S. (2001). Senate Bill 499 was introduced in the Senate, but failed passage there. *See* Tex. S.B. 499, 77th Leg., R.S. (2001).

Texas Constitution thus makes clear that the person elected by the Senate to serve as Lieutenant Governor *must* also serve as a member of the Board. He is without discretion in this matter.

In construing the Texas Constitution, the supreme court gives effect to the plain language, and interprets words as they generally are understood. *See City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148 (Tex. 1995); *see also Armbrister v. Morales,* 943 S.W.2d 202, 205 (Tex. App.–Austin 1997, no writ). Furthermore, both provisions of the constitution at issue here use the word "shall": "shall elect one of its members to perform the duties of the Lieutenant Governor"; and "shall be composed of five (5) members, as follows: The Lieutenant Governor . . . ." *See* TEX. CONST. art. III, §§ 9, 28. When "shall" is used in a constitutional provision, the term is mandatory and not merely permissive. *See Wood v. State ex rel. Lee,* 126 S.W.2d 4, 9 (Tex. 1939). In our opinion, the "plain language" of article III, section 9 and article III, section 28 leaves no doubt that the voters who adopted those amendments intended that the individual elected to perform the duties of Lieutenant Governor is required, as one of those constitutional duties, to serve as a member of the Legislative Redistricting Board. Because that individual is *required* to serve as a member of the Legislative Redistricting Board, it naturally follows that the fact of his service thereon will have no adverse legal impact on any redistricting plan adopted by the Board.

## SUMMARY

The person elected to perform the duties of Lieutenant Governor under the terms of article III, section 9 of the Texas Constitution is required, as one of those constitutional duties, to serve as a member of the Legislative Redistricting Board.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee